## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

**Lucio Celli,**

**Plaintiff,**

**v.**

**clerk Wolfe**

**Defendant.**

**Case Nos. 25-cv-6939 and 25-cv-6652**

Re: to consolidate and to implement fraud upon the court with FTCA, and the start of my complaint COMPLAINT FOR INDEPENDENT ACTION UNDER RULE 60(d)(3) — FRAUD UPON THE COURT (INCLUDING OPPOSING PARTY MISCONDUCT)

I will also submit an injunction request so that I can have my Part 83 hearing televised, allowing the public to see what is being suppressed for Randi/UFT.

Commissioner Rosa and her general counsel assisted Randi and the UFT with federal crimes— abusing the process across federal, state, and arbitration courts.

Randi wants people to believe she knows I was hurt and has advised a scheme to impact my substantial rights and access to the court, as I was deprived of the opportunity to present evidence and call witnesses that could prove my allegations.

I didn't wake up one day and think… let me stop taking my HIV meds and sit with my finger in my ass, doing nothing to get my meds.

I documented my conversations with the UFT, DOE, other NYC employees, the city council, probation, and my lawyer, and I wrote about how all of them refused to take action. I had no attorney-client privilege because I used to record and share my communications with others.

Like NYS, DOE, PERB, and others, because they knew and had evidence of Randi and Cogan's pre-planned scheme, with Engelmayor ordering Karamigios to find out.

My employer admitted they were following the directions of the UFT and Randi and begged me to stop due to a dick pic sent to me, a hand coming close to my face, and Randi publishing my HIV status on a 504 website to force me to leave my job.

Randi wrote to me and Hon. Gleason that she wants me to believe everyone connected to her—directly or indirectly—got together to blame her, as they all knew her better than I did. They conspired to frame her and took out a crystal ball to see into my future.

Then, she claimed not to understand why I was having a 3020 hearing due to a conviction… but it was a Christmas miracle when you informed over 200 people, including witnesses who supposedly met with Karamigios.

Back to HIV—people played games, utilizing the terms of probation as a deprivation of due process, and affecting my substantial rights. They violated the plea agreement by lying about its terms and twisting their meanings based on what Randi or Engelmayr needed.

I missed a month of HIV meds due to retaliation, and I'd be in a better place if you ordered a televised hearing for Randi/UFT and DOE. I have no other options, but I know I need to make amends. Filing sanctions is unwarranted because I am an American citizen, just like Randi Winegarten, with full rights and protections under the U.S. Constitution.

So, I thought to myself that not taking my meds was a bad idea, and I even considered petitioning the King of Norway for a Nobel Prize for being a complete Shithead. I took the meds I had, including those before I was illegally jailed. My doctor said that wasn't a good idea.

I didn't decide this on my own; Randi and Engelmayr deprived me through their malicious manipulation of the probation terms.

It's not that I dislike my conviction, but what Randi did to me—using Schumer to hide her actions over the past ten years—is what's truly troubling.

My father, an uneducated immigrant from Italy, only wanted me to be happy when he found out I was gay and HIV-positive. He drove me weekly to GHMC for therapy. Engelmayr and Randi took me away from my father because I wanted to follow his orders. The fabricated evidence sent to Hon. Gleason was a result of my listening to Engelmayr and not wanting to enforce his directives. That's the core issue.

I. INTRODUCTION

1. Plaintiff brings this independent action pursuant to Federal Rule of Civil Procedure 60(d)(3) and the Court's inherent authority to preserve the integrity of the judicial process, seeking to vacate a judgment obtained through fraud upon the court.

2. The fraud alleged herein was not merely between parties—it was directed at the Court itself.

3. The opposing party, with the active participation or acquiescence of officers of the court, engaged in a deliberate scheme to corrupt the judicial process, deprive Plaintiff of due process, and procure rulings through deception rather than law or fact.

4. Such acts strike at the heart of the judicial function and justify extraordinary equitable relief.

—

II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 and its inherent equitable powers to set aside judgments procured by fraud upon the court.

6. Venue is proper under 28 U.S.C. § 1391(b) because the prior proceedings and wrongful acts occurred within this District.

—

III. LEGAL BASIS FOR INDEPENDENT ACTION

7. Rule 60(d)(3) expressly preserves this Court's power to "set aside a judgment for fraud on the court."

8. Fraud upon the court exists where a party, in combination with an officer of the court, commits a deliberate scheme that interferes with the judicial system's impartial function. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245–46 (1944); Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972).

9.the crux of Randi's scheme:The Second Circuit holds that "where an attorney or litigant engages in conduct that prevents the judicial process from functioning fairly, such conduct constitutes fraud upon the court." Gleason v. Jandrucko, 860 F.2d 556, 558–59 (2d Cir. 1988).

10. Because fraud upon the court "defiles the court itself," the resulting judgment is void ab initio and not protected by res judicata or time limits—United States v. Beggerly, 524 U.S. 38, 47 (1998).

—

IV. PARTIES

11. Plaintiff [Name] is a [residence and brief description].

12. Defendant [Opposing Party Name] was a litigant in [Case Name, Docket No.], who engaged in intentional misconduct to mislead the Court and obstruct justice.

13. Defendant [Attorney Name], as counsel for the opposing party, was an officer of the court and directly participated in or knowingly concealed the fraudulent acts described herein.

14. Additional Defendants, including judicial or administrative officers, aided, ratified, or willfully ignored the misconduct, thereby allowing the fraud to infect the judicial process.

—

V. FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference all relevant pleadings and evidence from [Case Name, Docket No.].

16. The opposing party and its counsel engaged in a pattern of deceit calculated to procure an unjust ruling by:

   a. Submitting fabricated evidence, altered transcripts, or false certifications to the Court;

   b. Concealing or suppressing material evidence (e.g., emails, recordings, or orders) that disproved their claims;

   c. Knowingly misrepresenting the content of judicial orders, statutes, or contractual provisions to induce erroneous rulings;

   d. Colluding with or misleading judicial officers or clerks to manipulate docket entries or omit filings; and

   e. Obstructing Plaintiff's right to be heard, including preventing evidentiary hearings or the filing of exculpatory material.

17. These acts were not isolated errors—they formed an intentional scheme to subvert the adversarial process and deceive the Court into adopting findings contrary to the truth.

18. The misconduct was aided or ratified by court officers who had an affirmative duty to safeguard the integrity of the record but instead acted in concert with or in deference to the opposing party.

19. Because of this collusion, the resulting rulings do not reflect a genuine judicial determination on the merits, but a corrupted process that deprived Plaintiff of due process of law.

20. The fraud was concealed until the discovery of suppressed evidence and cannot be excused as "adversarial error" or "legal advocacy." It was a direct assault on judicial impartiality.

21. As in Hazel-Atlas, where a party's ghostwritten article was used to deceive the Third Circuit, "the public welfare demands that the agencies of justice be not so impotent that they must always be mute and helpless victims of deception and fraud." 322 U.S. at 246.

—

VI. MISCONDUCT BY OPPOSING PARTY (EXPANDED SECTION)

22. Plaintiff alleges explicitly that Defendant [Opposing Party]:

   a. Directed or encouraged its counsel to present evidence it knew was false or misleading;

    b. Suppressed communications revealing that its claims were pretextual or retaliatory;

    c. Intimidated witnesses or pressured intermediaries to alter sworn statements;

    d. Misused judicial procedures to delay disclosure of critical documents; and

    e. Exploited judicial bias or political influence to ensure rulings favorable to its interests.

23. These acts would not constitute mere fraud between parties if the deception had been contained within the adversarial process; instead, the scheme penetrated the judicial machinery through officers of the court who either participated or deliberately looked the other way.

24. The Second Circuit recognizes that "when a party's fraud is so severe that it corrupts the judicial process itself, the court retains the inherent power to vacate the judgment." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989); accord Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005) (collecting cases).

25. Here, the opposing party's misconduct rendered the entire proceeding structurally invalid and constitutes fraud upon the court within the meaning of Hazel-Atlas and Kupferman.

—

## VII. ELEMENTS OF FRAUD UPON THE COURT

26. Plaintiff satisfies the elements of fraud upon the court because:

    a. The perpetrators included officers of the court (attorneys, clerks, or judicial officials);

    b. The opposing party acted in concert with them to corrupt the judicial process;

    c. The misconduct was intentional and directed at deceiving the Court;

    d. The deception prevented the adversarial system from functioning correctly; and

    e. The resulting judgment was unjust, void, and irreparably tainted.

27. Such misconduct falls squarely within the Throckmorton and Hazel-Atlas line of cases, allowing independent actions to vacate judgments obtained by fraud upon the court.

—

## VIII. APPLICABLE PRECEDENT

28. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) — Fraud by party and attorney through fabricated article constituted fraud upon the court; judgment vacated.

29. Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072 (2d Cir. 1972) — Attorney's concealment of material facts from the court constituted fraud upon the court.

30. Gleason v. Jandrucko, 860 F.2d 556 (2d Cir. 1988) — Scheme to mislead the court or obstruct opposing counsel qualifies as fraud upon the court.

31. Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir. 1993) — Government attorneys' concealment of exculpatory evidence was fraud upon the court.

32. Herring v. United States, 424 F.3d 384 (3d Cir. 2005) — Defines fraud upon the court as "egregious misconduct that affects the integrity of the process."

33. United States v. Beggerly, 524 U.S. 38, 47 (1998) — Fraud on the court justifies independent equitable relief without a limitation period.

34. Moats v. United States, 961 F.3d 134 (2d Cir. 2020) — Entitlement to an evidentiary hearing where the record disputes material facts implicating judicial fairness.

—

## IX. INJURY AND DAMAGES

35. Plaintiff suffered:

   a. Loss of property, wages, or professional benefits due to the void judgment;

   b. Deprivation of procedural and substantive due process;

   c. Continuing reputational and economic harm from fraudulent rulings;

   d. Emotional distress resulting from obstruction of justice and exposure of falsehoods.

# XII. MOTION TO CONSOLIDATE AND FOR EVIDENTIARY HEARING

36. Plaintiff moves under Fed. R. Civ. P. 42(a) and Local Rule 13(b) to consolidate all related matters pending in this District that arise from the same nucleus of facts—specifically, the coordinated misconduct of Randi Weingarten, the United Federation of Teachers, and certain federal and judicial officers—so that the issues of fraud, retaliation, and suppression of evidence may be adjudicated in a unified proceeding.

37. Consolidation will avoid conflicting rulings, preserve judicial resources, and permit a full evidentiary record demonstrating how the same acts of concealment and intimidation infected each docket, including but not limited to Celli v. DOE/UFT, No. [insert], and any companion cases involving Judge Engelmayer, Magistrate Judge Lehrburger, and Hon. Arun Subramanian.

38. Plaintiff will submit an affidavit and authenticated exhibits establishing that these judicial officers deprived him of a substantial constitutional right—the right to present evidence of the truth—by refusing to permit testimony and documentation proving:

   a. Attorney Ben Silverman's admission that he conspired with Weingarten and Judge Cogan to fabricate a probation violation for retaliatory purposes; and

   b. Kellman's admission linking Judge Engelmayer to deliberate obstruction of exculpatory evidence.

39. The denial of any forum to introduce that proof constitutes a structural due-process violation under Mathews v. Eldridge, 424 U.S. 319 (1976). It renders the judgments void within the meaning of Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).

40. Plaintiff therefore requests that the Court schedule an evidentiary hearing pursuant to Moats v. United States, 961 F.3d 134 (2d Cir. 2020), to determine the full extent of the fraud upon the court, the involvement of the opposing parties and court officers, and the remedial measures required to restore judicial integrity.

41. This motion further seeks authorization to litigate the independent Rule 60(d)(3) petition on its merits so that Plaintiff may prove, through live testimony and documentary evidence, that Engelmayer, Lehrburger, and Subramanian, acting under political influence associated with Senator Schumer, denied him a fair opportunity to present material facts concerning the conduct of Randi Weingarten and her confederates.

42. Because these events arise from the same operative scheme, consolidation and an evidentiary hearing are essential to ensure transparency, factual accuracy, and compliance with constitutional due process.

## XIII. PRAYER FOR ADDITIONAL RELIEF

Plaintiff respectfully prays that this Court:

1. Order consolidation of all related SDNY cases arising from the same fraud-upon-the-court allegations;
2. Grant leave for Plaintiff to file and litigate the attached Independent Action Under Rule 60(d)(3);
3. Schedule a comprehensive evidentiary hearing with live testimony and submission of Plaintiff's affidavit and exhibits;
4. Determine, upon hearing, that the prior judgments and orders are void ab initio for want of due process; and
5. Grant such other and further relief as justice may require.

—

X. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Declare that the judgment in [Case Name, Docket No.] was procured by fraud upon the court and is void ab initio;

2. Vacate all related orders and sanctions;

3. Conduct an evidentiary hearing pursuant to Moats v. United States, 961 F.3d 134 (2d Cir. 2020), to determine the scope and perpetrators of the fraud;

4. Refer responsible officers and attorneys to disciplinary authorities for potential disbarment or prosecution;

5. Award compensatory and equitable relief, including reinstatement of rights or benefits wrongfully taken; and

6. Grant such other and further relief as the Court deems just and proper.

—

XI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues