UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIO CELLI,

                            Plaintiff,

            -against-

CATHERINE O'HAGAN WOLFE, 2nd Circuit
Clerk,

                            Defendant.

**OPINION AND ORDER**

25-CV-06939 (PMH)

PHILIP M. HALPERN, United States District Judge:

Lucio Celli ("Plaintiff") brings this action against Second Circuit Clerk of Court Catherine O'Hagan Wolfe, purporting to seek mandamus relief under 28 U.S.C. § 1651(a), as well as relief under 42 U.S.C. § 1983, to compel Clerk Wolfe (and the Clerks of this Court and the United States District Court for the Eastern District of New York), "to accept and docket all jurisdictionally sufficient filings, past and future." (Doc. 1). In his initial pleading and in the many other submissions that he has filed in the present action, including in his "emergency motions" that do not appear to raise any sort of emergency issues (*see* Docs. 1, 6, 7-13, 15-25, 26, 28), Plaintiff appears to be attempting to relitigate issues and claims previously (or that could have been) litigated and seeks to prosecute judges, prosecutors, and others involved in his previous litigation.[1]

As discussed below, the Court dismisses this action *sua sponte* because the Court lacks jurisdiction to grant the requested mandamus relief, and because the pleading is based on an indisputably meritless legal theory.

---

[1] "Celli is a vexatious litigant whose court filings are predominantly 'rambling,' *Celli v. N.Y.C. Dep't of Educ.*, No. 15-CV-03679, 2016 WL 10567948, at *2 (E.D.N.Y. Dec. 24, 2016), 'disjointed,' *Celli v. N.Y. Dep't of Educ.*, No. 21-CV-10455, 2022 WL 19696, at *2 (S.D.N.Y. Jan. 3, 2022), 'frivolous,' Report and Recommendation at 5, and 'brazen and profane,' *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (summary order)." *Celli v. New York City*, No. 24-CV-09743, 2025 WL 3751802, at *1 (S.D.N.Y. Dec. 29, 2025), *appeal transferred*, No. 2026-1407, 2026 WL 1019477 (Fed. Cir. Apr. 15, 2026).

**BACKGROUND**

On August 19, 2025, Plaintiff commenced the instant action to compel the Clerk of the Court of Appeals for the Second Circuit to docket "multiple filings—including notices of appeal, motions, and mandamus petitions." (Doc. 1 at 1-4). The balance of Plaintiff's 54-page initial pleading consists of documents directed to a matter pending in the Second Circuit under docket number 25-mv-1886 (the "EDNY Appeal"). (Doc. 1 at 5-20; Doc. 1-1 at 1-34). Thereafter, Plaintiff filed another copy of his initial pleading and attached another 61 pages of material directed to the EDNY Appeal under the docketing event "Emergency Motion for Injunction and Mandamus Relief." (Doc. 6 at 5-35; Doc. 6-1 at 1-30). Plaintiff, on September 10, 11, 16, and 17, 2025, filed five documents: (i) a letter stating he will amend his complaint to include requests to compel the Clerk's Offices for the Southern and Eastern Districts of New York because of documents missing from other dockets (Doc. 8); (ii) a motion "for judicial notice and to correct the record" because one of his filings in another docket was incorrectly titled (Doc. 9); (iii) a request for service of process by the U.S. Marshals Service (Doc. 10); (iv) a letter apologizing for his behavior and noting that Clerk Wolfe assisted him with docketing the EDNY Appeal (Doc. 11, the "Apology Letter"); and (v) a motion "for judicial notice and to void judgment based on Clerk misconduct and concealment of filings" concerning two motions filed in the Second Circuit (Doc. 12).

On October 6, 2025, another copy of the Apology Letter was docketed (Doc. 13), followed by ten more filings, each bearing the caption of another case, *Celli v. New York City, et al.* (the "New York City Action"): (i) a change of address (Doc. 14); (ii) a declaration in support of a motion to reconsider exclusion of audio evidence (Doc. 15); (iii) a letter to Senator Schumer and Congress (Doc. 16); (iv) a motion for judicial notice of "evidence considered by Senators and House Rep for articles of impeachment" (Doc. 17); (v) an expletive-ridden memorandum of law

2

in support (Doc. 18); (vi) a "motion for judicial notice and to void appeal judgment based on Clerk misconduct" (Doc. 19); (vii) a memorandum of law in support of Plaintiff's Rule 60 motion "for judicial concealment of political motive to help Randi Weingarten get away [with] what she did to me" (Doc. 20); (viii) a memorandum of law in support of Plaintiff's motion for reconsideration of the Court's exclusion of audio evidence or for a new trial (Doc. 21); (ix) a petition for investigation into prosecutorial misconduct directed to the Office of Professional Responsibility (OPR), the Department of Justice Office of the Inspector General (DOJ OIG), and the Federal Bureau of Investigation (FBI) (Doc. 22); and (x) a judicial misconduct complaint and request for investigation against "Judges aligned with Senators Kirsten Gillibrand, Charles Schumer, and Eleanor Holmes Norton" (Doc. 23).

On October 10, 2025, Plaintiff filed copies of affidavits each bearing the EDNY Appeal docket number (Doc. 24) and a scurrilous motion for an injunction, filled with profane language (Doc. 25). A summons was issued on October 14, 2025, and the case was assigned to this Court's docket. Thereafter, Plaintiff filed on November 13, 2025, a request "to consolidate and implement fraud upon the court" seeking to "consolidate all related matters pending in this District that arise from the same nucleus of facts—specifically, the coordinated misconduct of Randi Weingarten, the United Federation of Teachers, and certain federal and judicial officers—so that the issues of fraud, retaliation, and suppression of evidence may be adjudicated in a unified proceeding" and leave to "file and litigate the . . . Independent Action Under Rule 60(d)(3)." (Doc. 26). Plaintiff also filed proof of service of the summons. (Doc. 27). On January 23, 2026, Plaintiff filed a motion for reconsideration of all prior orders, vacatur of "all orders entered by Judge Cronan in this matter," and disqualification of Judge Cronan. (Doc. 28).

**STANDARD OF REVIEW**

"The Court has the authority to dismiss a pro se complaint *sua sponte* if the Court determines that the action is frivolous, even where the plaintiff has paid the fees to bring a civil action." *Murray v. New York*, No. 24-CV-08015, 2024 WL 5009955, at *1 (S.D.N.Y. Dec. 6, 2024) (citing *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F. 3d 362, 363–64 (2d Cir. 2000)); *see also Hussein v. Consol. Edison, Inc.*, No. 25-1996-CV, 2026 WL 1256304 (2d Cir. May 7, 2026) (district courts in the Second Circuit "may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.").[2] An action is frivolous when "the claim is based on an indisputably meritless legal theory," such as "when either the claim lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

The Court must also dismiss a complaint *sua sponte* when the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). Finally, pleadings are subject to the Rule 8 requirement that they allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Celli v. New York City*, No. 24-CV-09743, 2025 WL 1810365, at *9 (S.D.N.Y. May 27, 2025), *adopted by*, 2025 WL 3751802 (S.D.N.Y. Dec. 29, 2025). While the law supports dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

471, 474 (2d Cir. 2006). "But the special solicitude in *pro se* cases has its limits - to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure." *Celli v. Bondi*, No. 24-CV-07442, 2025 WL 903136, at *1 (S.D.N.Y. Mar. 24, 2025).

## ANALYSIS

I.    Plaintiff's Claims

Plaintiff seeks an order pursuant to 28 U.S.C. § 1651(a) compelling the Clerk of Court for the Second Circuit Court of Appeals (and arguably the Clerks of the Southern and Eastern Districts of New York) to docket his filings in the EDNY Appeal and unspecified matters in the District Courts. (*See* Doc. 1). He also alleges "that the same facts give rise to a claim under 42 U.S.C. § 1983." (*Id.* at 1).

"The relief that [Plaintiff] seeks is in the nature of mandamus, which is not governed by 28 U.S.C. § 1651, the procedural vehicle that [Plaintiff] invokes in this action. Instead, mandamus relief is governed by a different statutory provision, 28 U.S.C. § 1361." *Henriquez v. Bronx Cnty. Dist. Att'ys Off.*, No. 26-CV-00721, 2026 WL 621695, at *2 (S.D.N.Y. Mar. 5, 2026). Thus, the Court first considers whether Plaintiff may bring an action pursuant to 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The Second Circuit has concluded that "Congress was thinking solely in terms of the executive branch" in enacting § 1361. *Liberation News Serv. v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970); *see also Roldan v. Bronx Pro Realty*, No. 25-CV-05943, 2025 WL 2424576, at *2 n.1 (S.D.N.Y. Aug. 22, 2025) (motion for writ of mandamus seeking an order directing the United States District Court for the Southern District of New York to cease proceedings and transfer to

5

another district denied, as § 1361 "has no application here."); *Bank v. Wolfe*, No. 19-CV-00441, 2020 WL 4748320, at *2 (E.D.N.Y. Aug. 17, 2020) ("The mandamus statute does not apply to the judicial branch. Instead, mandamus was designed to allow courts to review administrative decisions made by executive officers." (collecting cases)).

Accordingly, this Court lacks subject matter jurisdiction under § 1361 to grant the writ of mandamus Plaintiff seeks in this action. *See United States v. Cox*, No. 11-CR-00099, 2017 WL 11428575, at *4 (D.N.J. Jan. 6, 2017) (holding, *inter alia*, that district court lacked jurisdiction to grant writ of mandamus directed against Third Circuit Clerk), *aff'd*, 692 F. App'x 85 (3d Cir. 2017); *see also Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007) ("[T]he district court lacked subject-matter jurisdiction under § 1361 insofar as [the plaintiff] sought relief from the Clerk in his official capacity.").

To the extent brought as a civil rights action, Plaintiff's claims fail as they are based on an indisputably meritless legal theory. "Although the pleading cites 42 U.S.C. § 1983, the Court construes Plaintiff's allegations against these federal defendants to suggest a *Bivens* claim because Section 1983 does not apply to allegedly unlawful acts of federal officers." *Celli*, 2025 WL 903136, at *9. "The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities." *Id.* Plaintiff apparently only seeks various forms of injunctive relief, so his *Bivens* claim is dismissed.[3]

---

[3] Further, district courts have the inherent authority to dismiss actions *sua sponte* where it is plain from the face of the pleading that an affirmative defense exists to bar the claim. *Graham v. HSBC Mortg. Corp.*, No. 18-CV-04196, 2022 WL 1266209, at *6 (S.D.N.Y. Apr. 28, 2022); *Hunt v. Bronx Lebanon Hosp.*, No. 22-CV-00054, 2022 WL 375415, at *3 (S.D.N.Y. Feb. 7, 2022) ("Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading."). In light of this discretion, "[a] court does not have to wait for a motion to dismiss, and waste judicial time and resources," *Jones v. City of New York*, No. 18-CV-01937, 2021 WL 5562694, at *5 (S.D.N.Y. Nov. 29, 2021), before considering an affirmative defense such as the application of judicial immunity. In this case, judicial immunity bars Plaintiff's claims to the extent they seek injunctive relief. "Although judicial immunity does not absolutely bar a claim for prospective injunctive relief against a

Accordingly, Plaintiff's suit against the Clerks of Court for failing to file his documents is dismissed.

Federal Rule of Civil Procedure 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Nevertheless, "leave to amend is not necessary," even for *pro se* plaintiffs, when an amendment "would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (summary order). In other words, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, there are no more facts that Plaintiff could plead to cure the defects in this pleading. Any amendment would, therefore, be futile.

II.      Warning of Injunction Against New Actions Filed by Plaintiff

Plaintiff has litigated at least nine actions "alleging claims arising out of his federal criminal conviction and subsequent termination as a tenured teacher for the New York City Department of Education." *Celli*, 2025 WL 3751802, at *1. On May 27, 2025, Magistrate Judge Lehrburger summarized Plaintiff's notable litigation history in a report and recommendation in the New York City Action. *See Celli v. New York City*, No. 24-CV-09743, 2025 WL 1810365 (S.D.N.Y. May 27, 2025). Included in that litigation history is Plaintiff's prior criminal case over which Judge Engelmayer presided. *Id.* at *2. On September 4, 2025, after Magistrate Judge Lehrburger issued that report and recommendation and after Plaintiff had filed the present action,

---

judicial officer acting in her judicial capacity, in the Federal Courts Improvement Act of 1996 ('FCIA'), Congress amended 42 U.S.C. § 1983 to provide that in 'any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Id.* at *10. This judicial immunity applies to federal judges, *id.*, and to those court employees that assist judicial officers as well, such as clerks, *Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997). Thus, it is plain from the fact of the pleading that the affirmative defense of immunity would bar this claim.

in another of Plaintiff's *pro se* civil actions filed in this court—in which Plaintiff sued, among others, Magistrate Judge Lehrburger, Judge Engelmayer, Second Circuit Clerk of Court Catherine O'Hagan Wolfe, Judge Cogan of the Eastern District of New York, and Chief Circuit Judge Livingston—Judge Subramanian barred Plaintiff "from filing future civil actions concerning his termination from the DOE or the consequences of his termination without first obtaining from the court leave to file." *Celli v. Lehrburger*, 25-CV-04505, Doc. 98 (S.D.N.Y. Sept. 4, 2025). That bar order also warned Plaintiff "that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties or the imposition of a bar on filing any new action in this district without leave of court." *Id.*

Other judges have warned Plaintiff that he may face a filing injunction if he continued to file repetitive, vexatious, and frivolous litigation or violate court orders. *See Celli*, 2025 WL 903136, at *13; *Celli v. Engelmayer*, No. 22-CV-04646, 2023 WL 2666876, at *4 (E.D.N.Y. Mar. 28, 2023); *Celli v. Katzman*, No. 22-CV-02354, 2022 WL 1063038, at *4 (S.D.N.Y. Mar. 30, 2022); *Celli v. Perez*, No. 22-CV-02353, 2022 WL 922779, at *4 (S.D.N.Y. Mar. 19, 2022). Indeed, the Second Circuit has imposed a filing injunction directing Clerk Wolfe to "refuse to accept for filing from the Appellant [Celli] any future appeal, motion, or other papers unless he first obtains leave of the Court." *Celli v. Cole*, No. 17-234, Doc. 90 at 2. On December 29, 2025, Judge Cronan adopted Magistrate Judge Lehrburger's recommendation to dismiss the New York City Action with prejudice on account of Plaintiff's repeated violations of judicial orders. *Celli*, 2025 WL 3751802, at *1, *9. Judge Cronan declined, however, to issue a further filing injunction in light of Subramanian's September 4, 2025 bar order. *Id.*

Although this action was likely not subject to Judge Subramanian's bar order, as set forth above, between Plaintiff's manifold litigations and more than twenty rambling filings congesting

this Court's docket, all concerning the same claims and facts as those prior litigations and even bearing the caption of the New York City Action—a closed case—it is clear that Plaintiff has "had enough bites at the apple to have chewed through the core." *Kamdem-Ouaffo v. Balchem Corp.*, No. 19-CV-09943, 2022 WL 1081994, at \*4 (S.D.N.Y. Apr. 8, 2022).

Plaintiff is cautioned, in light of his repeated filings involving the same claims and facts and his voluminous, incoherent, and largely vexatious filings, that "[a]n injunction against future lawsuits is an available remedy in appropriate circumstances and has been applied where litigants file repeated lawsuit relating to the same case." *Edwards v. Barclays Servs. Corp.*, No. 19-CV-09326, 2020 WL 2087749, at \*7 (S.D.N.Y. May 1, 2020) (collecting cases), *adopted by* 2020 WL 3446870 (S.D.N.Y. June 24, 2020). The authority to enjoin litigants arises from the All Writs Act, 28 U.S.C. § 1651(a), *see Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23-24 (2d Cir. 1986) (collecting cases), as well as the inherent authority of the court, *see Lacy v. Principi*, 317 F. Supp. 2d 444, 449 (S.D.N.Y. 2004) ("When a plaintiff files repeated lawsuits involving the same nucleus of operative facts, a district court has the inherent power to enjoin him from filing vexatious lawsuits in the future.") (collecting cases). Not only does the court have the right to enjoin a vexatious litigant, but the Second Circuit has found that "[f]ederal courts have . . . the constitutional *obligation* to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (emphasis added); *see also Lacy*, 317 F. Supp. 2d at 449 ("[T]he Court has a constitutional duty to enjoin the filing of frivolous lawsuits in order to preserve judicial resources when the plaintiff is likely to file more suits in the future and non-injunctive relief would be ineffective.").

Accordingly, should Plaintiff persist in his course of conduct, "the Court will require that Plaintiff first seek leave of Court before submitting such filings. In addition, the Court may direct

9

the Clerk of Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may invite an application to dismiss the case with prejudice." *Kapsis v. Brandveen*, No. 09-CV-01352, 2009 WL 2182609, at *3 (E.D.N.Y. July 20, 2009).

### CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice and without leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to terminate the pending motions at Docs. 6, 9, 10, 12, 17, 18, 19, 25, and 28, and to close this case.

**SO ORDERED:**

Dated: White Plains, New York
      June 2, 2026

_____
Philip M. Halpern
United States District Judge

10